521 S.E.2d 274

**In the Matter of John L. CRESON, Respondent.**

Supreme Court of South Carolina.

Sept. 9, 1999.

## ORDER

On August 4, 1998, respondent was disbarred for one year by order of the United States District Court for the Southern District of Georgia. On October 20, 1998, the Office of Disciplinary Counsel was informed that this Court declined to consider reciprocal discipline until another grievance pending in Georgia was concluded. The Georgia proceeding was concluded and, on May 17, 1999, the Supreme Court of Georgia suspended respondent from the practice of law for six months.

Respondent and the Office of Disciplinary Counsel were asked to inform the Court as to any reasons that the sanctions imposed by the District Court and the Georgia Supreme Court should not be imposed by this Court. Disciplinary Counsel filed a response and asks that identical sanctions be imposed by this Court. Respondent also filed a response and asks that the Court impose only a public reprimand or, in the alternative, remand this matter to the Commission on Lawyer Conduct for a further hearing. Respondent contends that to impose the same discipline as that imposed by the District Court and the Supreme Court of Georgia would result in grave injustice. We disagree.

Rule 29(d), RLDE, Rule 413, SCACR, provides, in relevant part, that:

> [T]he Supreme Court *shall* impose identical discipline ... unless the lawyer or disciplinary counsel demonstrates, or the Supreme Court finds, that it *clearly* appears upon the face of the record from which the discipline is predicated, that:
>
> ....
>
> (3) The imposition of the same discipline by the Supreme Court would result in grave injustice. ...

Rule 29(e), RLDE, Rule 413, SCACR, provides that in all other respects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct is conclusive.

Respondent asserts that he is not asking this Court to reexamine the findings of misconduct but rather is simply asking this Court to exercise its ability to make an independent decision as to what sanction should be imposed for the misconduct. While we agree that this Court may, in the proper case, determine that it is not appropriate to impose an identical sanction, this case does not rise to the level of "grave injustice" envisioned by Rule 29(d).

Accordingly, as to the sanction imposed by the Georgia Supreme Court, respondent's license to practice law in the State of South Carolina is suspended for a period of six months. As to the sanction imposed by the United States District Court for the Southern District of Georgia, respondent's license to practice law in the State of South Carolina is suspended for a period of one year, to run concurrent with the six month suspension, and retroactive to March 8, 1999. Respondent shall, within fifteen days of the date of this order, serve and file an affidavit of compliance as required by Rule 30, RLDE, Rule 413, SCACR.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.