526 S.E.2d 231

**In the Matter of John L. CRESON, Respondent.**

**No. 25042.**

Supreme Court of South Carolina.

Submitted Dec. 20, 1999.

Decided Jan. 10, 2000.

John L. Creson, of Augusta, Georgia, pro se.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

### The Jo Ann Hester Matter

Respondent represented Jo Anne Hester in a domestic matter. After an appeal was filed, respondent failed to communicate with Hester and fully inform her of her right to remain in the marital residence pending the appeal. Further, without obtaining Hester's consent, respondent dropped the appeal before a comprehensive settlement agreement was reached.

### The Duane Simms Matter

Respondent represented Duane Simms in a domestic action. Respondent failed to be as diligent as he should have been or communicate with Simms as well as he should have.

### Disciplinary Counsel Complaint

Respondent is licensed to practice law in both Georgia and in South Carolina. With respect to respondent's Georgia law practice, respondent failed to inform the South Carolina Office of Disciplinary Counsel that he had been disbarred for one year by the United States District Court for the Southern District of Georgia. Respondent also neglected to inform the Court of his interim suspension from the practice of law in the State of Georgia by the Georgia Supreme Court. Further, as respondent continued to practice law in South Carolina during the period of his Georgia disbarment and suspension, he neglected to remove from his South Carolina letterhead a

misleading statement indicating that he was admitted to practice in Georgia.[1]

### Conclusion

Respondent has engaged in conduct which violates the Rules of Professional Conduct, Rule 407, SCACR. Respondent failed to consult with his clients. Rule 1.2. He failed to act with reasonable diligence. Rule 1.3. He failed to communicate with his clients and respond to requests for information. Rule 1.4(a). Respondent gave misleading information in his office letterhead. Rule 7.1. He committed professional misconduct by violating the Rules of Professional Conduct. Rule 8.4(a).

In addition, respondent has engaged in conduct constituting violations of Rules 7 & 29 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. He violated the Rules of Professional Conduct, Rule 407, SCACR. Rule 7(a)(1), RLDE. He failed to report his Federal District Court disbarment and his suspension by the Georgia Supreme Court. Rule 29(a), RLDE. He engaged in conduct tending to bring the courts and the legal profession into disrepute. Rule 7(a)(5), RLDE.

Accordingly, we reprimand respondent.

PUBLIC REPRIMAND.

---

1. On September 13, 1999, pursuant to Rule 29(d), RLDE, Rule 413, SCACR, this Court reciprocally disciplined respondent based upon the sanctions imposed by the Federal District Court and Georgia Supreme Court. This Court suspended respondent's license to practice law in the State of South Carolina for an aggregate period of one year, retroactive to March 8, 1999. *In the Matter of John L. Creson,* 336 S.C. 565, 521 S.E.2d 274 (1999).